BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
ROUTT, PLAINTIFF IN ERROR, v. BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF GRAND, DEFEND-
ANT IN ERROR.

1. PRACTICE—DEFAULT.
A judgment upon a default which was prematurely entered is erro-
neous.
2. STATUTORY ACTION—PLEADINGS.
The complaint in an action under the statute (Sess. Laws, 1887, p. 238)
to determine and settle a disputed boundary line between counties,
after one has been run out and established by the state engineer,
must contain affirmative and positive allegations showing the pro-
ceedings to have been such as to confer jurisdiction.
3. SAME.
In order to confer jurisdiction in such an action the complaint must af-
firmatively show that it was commenced within six months after the
filing of the description of the boundary line by the state engineer.

*Error to the District Court of Grand County.*

Mr. W. B. McCLELLAND and Messrs. CRANSTON & PIT-
KIN, for plaintiff in error.

Mr. SAM W. JONES and Mr. C. G. CLEMENTS, for defend-
ant in error.

REED, J., delivered the opinion of the court.

A dispute arose between the respective counties in regard
to the line between them; a discrepancy existed whereby a
strip of country about 14 miles in width and 36 miles in
length was involved, both counties claiming the territory.
To adjudicate and settle the controversy the county of Grand
brought suit on the 15th day of July, 1889, by filing a com-
plaint, which, after citing at length sec. 460, Genl. Stats., be-
ing the section of the statute defining the boundaries of Grand
county, and sec. 464, being the section defining the bounda-

ries of Routt county, by the legislature in creating such counties, proceeds as follows : " That the southern portion of the boundary line between Grand and Routt counties has been for a few years past in dispute, and as plaintiff is informed and believes, and so charges the fact to be, the board of county commissioners of Routt county petitioned, in the year 1888, Honorable J. S. Green, then state engineer for the state of Colorado, to run out, fix and establish a boundary line between Grand and Routt counties in this state. That the conflict and dispute over said county line arises over what is called the Gore Range. Plaintiff charges the southwest corner of Grand county and the southeast corner of Routt county are near Yarmany Peak, and from this point to the north until this line strikes the Rabbit Ear Range, otherwise known as the Continental Divide ; that said Yarmany Peak is situate in a branch or spur of the Gore Range ; that this line has been recognized by the county authorities of Grand county since the establishment of said Routt county, and is the correct boundary line between the said counties of Grand and Routt."

Plaintiff avers the line established by said Green is erroneous and incorrect in this : That it does not follow the boundaries of either Grand or Routt counties as given and prescribed in the statute in this : Said Green made the initial point of commencement fourteen miles east of said Yarmany Peak, thereby taking from Grand county a strip of land of the width of fourteen miles and of the length of about thirty-six miles ; that said Green made the initial point of the common boundary line between Grand and Routt counties to be in a spur of range of mountains known as the Park Range, which are south of the Grand River ; but he treats said range as part and parcel of the Gore Range, which they are not ; the Gore Range of mountains and all the spurs therefrom are north of the Grand River ; that it is incorrect to say that the Grand River divides either the Park or the Gore Range.

Wherefore plaintiff demands judgment: That the com-

mon boundary line between Grand and Routt counties, so attempted to be established by said State Engineer J. S. Green, be declared to be erroneous and wrong, and that the same be for naught held.

That the correct boundary line between said Grand and Routt counties be established and adjudged as follows : Commencing at Yarmany Peak, which is situate in a spur on the Gore Range of mountains, thence running north from said Peak in a straight line to where said line will cut and intersect the Rabbit Ear Range, commonly known and called the "Continental Divide."

On the 20th day of August, 1889, a general demurrer was filed, "That the complaint did not state facts sufficient to constitute a cause of action and that it was ambiguous, contradictory and uncertain." On June 10, 1890, the demurrer was overruled and defendant given sixty days to answer; immediately following appears the following record entries : "And afterwards and on, to wit, the 25th day of July, A. D. 1890, in vacation in said year the following proceedings were had and entered of record in said court in said cause as follows, to wit :

"STATE OF COLORADO,  } ss.
    County of Grand.    }

"Board of County Commissioners of the County of Grand, plaintiff, v. Board of County Commissioners of the County of Routt, defendant.

"In the District Court of the Ninth Judicial District within and for the County of Grand.

"Now on this date comes the plaintiff by its attorney, George D. Johnstone, in vacation, and files a motion to enter a default against the above-named defendant, for the reason that no amended answer or other pleading has been filed in the said cause within the sixty days as required by the order of the district court made on the tenth day of June, A. D. 1890, and the same is hereby allowed by the clerk of said court.                    ED. J. JONES, Clerk."

And afterwards, to wit: On the 21st day of July, A. D.

1891, the following proceedings were had and entered of record in said cause as follows, to wit: " July 21st, 1891.— The above date of July is hereby changed to August as per order of court made on July 21st, 1891, and hereinafter below entered.                    DAVID BOCK, Clerk.

" In the matter of the Commissioners of Grand County v. the Commissioners of Routt County, this case coming on to be heard on motion of plaintiff, leave was granted to change date of record on page 196 from July to August, it appearing to the court to be a clerical error."

July 21st, 1891.    Judgment and decree of court as follows :

" STATE OF COLORADO, } ss.
    County of Grand.    }

" Board of County Commissioners of the County of Grand, plaintiff, v. Board of County Commissioners of the County of Routt, defendant.

" Now, on this 21st day of July, A. D. 1891, the same being one of the regular term days of this court and court being regularly and duly in session and this cause coming on to be heard, and it appearing to the court that a default was duly taken by plaintiff against defendant, which said default is hereby approved, and the plaintiff, by its attorney, Edgar & Johnstone, being present in court, doth ask to be allowed to introduce testimony in support of its said complaint.    The court thereupon caused the sheriff to call the defendant three times at the door of the court house, and also call three times John M. Breeze, attorney for defendant; each failing to appear, plaintiff is allowed to introduce its testimony, and the court after listening to the sworn testimony of all the witnesses and being fully advised in the premises, doth find that Grand county is entitled to the strip of ground in dispute, as set forth in said complaint, and the said J. S. Green, formerly state engineer of the State of Colorado, made a mistake in running the survey mentioned in the complaint filed in this action in this : that he made the southeast corner of Routt county south of Grand River when in fact the same should have been north of said Grand River, and at

a rock or surveyor's monument situate on Yarmany Peak, in order to comply with the description of said Routt county as described in section 464 of General Statutes of 1883 of Colorado. The court further finds that said Yarmany Peak is a portion of Gore Range on the north side of said Grand River, and that said Gore Range mentioned in said section 464 does not extend to the south side of said Grand River. It is therefore by the court ordered, adjudged and decreed that the common boundary line between said Grand and Routt counties is hereby adjudged and decreed to be as follows : Commencing at Yarmany Peak, at the rock or monument aforesaid, which said peak is situate in a spur of the Gore Range of mountains on the north side of Grand River, thence running north in a straight line to where said line will cut and intersect the Rabbit Ear Range, commonly called and known as the Continental Divide, and that plaintiff have and recover his costs."

Judgment was entered before time to answer had expired.

The record entry dated July 21st, 1891, is a judicial puzzle. "The above date of July is hereby changed to August as per order of court made on July 21st, 1891, and hereinafter below entered." What office it was to perform or how it was to affect the case cannot be determined.

It appears from the record that on June 10th, 1890, the demurrer was overruled and sixty days given for answer ; that default was entered on July 25th, and the finding and judgment of the court entered July 21st, 1891. The default was premature, sixty days not having expired. If it was a mistake in regard to the date default was taken and the date should have been August, the record entry made a year after could not cure the error. Without explanation the order means nothing. If the proceedings were had July 25th, changing the date to August 25th could not cure the irregularity. July 25th could not be changed to August 25th, even by an order of court. As appears by the record, the default was premature and judgment void.

It is contended that the district court erred in overruling

the demurrer to the complaint.  A statute was enacted in 1887, (Session Laws 1887, p. 238, sec. 1,) providing the method by which controversies of this kind should be settled, as follows: " That whenever the boundary lines of any county in this State shall be so indefinite that a portion of territory, by reason of such indefinite description, is claimed by two counties, and such fact shall appear by petition of the board of county commissioners of either county, to the State Engineer, it shall be the duty of such State Engineer, in connection with the county surveyor of each such counties, to run out and establish such lines as nearly as may be, in accordance with such defective description and to fix and define such boundary line, by plain and substantial mounds and marks, and unmistakable natural monuments, and to furnish the board of county commissioners of each of said counties with a description of such line as soon thereafter as may be practical; and when such line shall be so established, it shall be the boundary line between said counties, unless one of said counties shall, within six months from the day of filing the description of said line, by the State Engineer, with the board of county commissioners of such county, commence an action in a court of competent jurisdiction in this State, to determine and settle such disputed line, and prosecute the same with due diligence until its final determination, or shall have settled such disputed line, within said six months, by arbitration, as is now provided by law; *Provided,* That if the county surveyor of either of such counties shall not appear and assist the State Engineer in making such survey after due notice so to do, it shall in no manner affect or invalidate such survey, or the boundary lines as they may be fixed by such State Engineer."

It is urged in the argument by the defendant in error that the statutory remedy is not exclusive; that, regardless of the statute, the common law right to institute proceedings and adjudicate the differences remained, and that a county could make its election and proceed by either; that if the complaint was defective under the statute it was sufficient, regardless

of the statute. We need not necessarily decide this question. It would seem, however, that a special statutory method having been provided the maxim, " *Expressio unius est exclusio alterius*," would control; but whether exclusive or cumulative, we do not determine; in either view of the case, the complaint is defective. Leaving out the allegations attempted to be based upon the statute, no cause of action whatever is shown. It is evident from an examination that the pleader intended it as a statutory complaint. In the 3d paragraph of the complaint it is alleged, on information and belief, that in the year 1888 the county commissioners of Routt county applied to the state engineer to establish the line, but there is no allegation that he established any line. The statute is mandatory upon the state engineer when he has received the petition; the language is " *It shall be the duty* of such state engineer, in connection with the county surveyor of each of said counties," etc. The supposition is that the state engineer performed the duty as required by law, and this may be inferred from the 1st clause of the 4th subdivision of the complaint: "Plaintiff avers the line established by said Green is erroneous and incorrect," etc., etc. It is clear that the proceeding was intended to be statutory; such being the fact, the complaint must contain affirmative and positive allegations showing the proceedings to have been such as to confer jurisdiction; they cannot be supplied by inference.

The only direct allegation is, that in the year 1888, commissioners of Routt county petitioned the state engineer to establish the line. What time in 1888 is not shown; at what time it was done is not stated, nor is it stated that he called upon the county surveyors of the respective counties, and either aided by them or alone proceeded to establish the line; and that he fixed and defined such line and marked it as required by the statute, or that he furnished the board of county commissioners of each or either of said counties with a description of such line, nor the date such description was filed.

It is alleged that the petition to the state engineer was served sometime in the year 1888. Suit was brought the 15th

day of July, 1889; for aught that appears, twelve or fifteen months may have elapsed between the filing of the description by the engineer and the bringing of the suit. The statute requires the protesting party to institute suit within six months. In order to confer jurisdiction, the complaint must affirmatively show that suit was brought within the statutory time.

All these important allegations necessary to confer jurisdiction under the statute are omitted. The court erred in overruling the demurrer. No cause of action was shown by the complaint. The judgment of the district court will be reversed and the cause remanded.

*Reversed.*